IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JEAKORIE PEACE, INDIVIDUALLY AND
JEAKORIE PEACE AS THE NATURAL FATHER
AND NEXT OF FRIEND TO COLIN PEACE,
A MINOR CHILD                                               PLAINTIFFS

VS.                                                            CAUSE NO: 3:15CV157-NBB-SAA

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY;
AND JOHN DOES 1-5                                         DEFENDANTS

## NOTICE OF REMOVAL

COMES NOW, State Farm Mutual Automobile Insurance Company ("State Farm"), Defendant in this civil action originally filed in the County Court of DeSoto County, Mississippi under Cause Number CO2015-1196CD, and respectfully files this Notice of Removal to the United States District Court for the Northern District of Mississippi, Oxford Division, pursuant to 28 U.S.C.§§ 1332; 1441 and 1446, as follows:

I.

This civil action was originally filed in the County Court of DeSoto County, Mississippi on September 3, 2015, and proceeded in that Court under Cause Number CD2015-1196CD. A copy of the Complaint commencing this action is included in those documents attached hereto as Exhibit A.

II.

State Farm's Notice of Removal is timely as it is filed within thirty (30) days of service of the Complaint upon it and within one year after the commencement of this action. 28 U.S.C. § 1446(b).

III.

PARTIES

Upon information and belief, Plaintiff, Jeakorie Peace, is an adult resident citizen of the State of Mississippi and Colin Peace is his natural son. (Ex. A, Complaint at ¶ 1).

IV.

Defendant State Farm is now and has at all relevant times been a corporation organized and existing under the laws of the State of Illinois and having its principal place of business in the State of Illinois (Ex. A, Complaint at ¶ 3). Thus, for purposes of diversity jurisdiction, Defendant is a resident of a state other than Mississippi.

V.

The citizenship of Defendants "John Does 1-5" is unknown at this time (Ex. A, Complaint at ¶ 4) but should not in any case be considered for purposes of establishing diversity jurisdiction.

VI.

DIVERSITY OF CITIZENSHIP

This Court has subject matter jurisdiction over this controversy: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332. The first prong of the jurisdictional statute is met as there exists complete diversity of citizenship between Plaintiff, whose residency for diversity purposes is the State of Mississippi, and State Farm, whose residency for diversity purposes is the State of Illinois.

VII.

AMOUNT IN CONTROVERSY

The second prong of 28 U.S.C. § 1332 is also met as the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff demands damages from State Farm for ". . . any and all kinds of general . . ." (Ex. A, Complaint at ¶ 12). In addition, Plaintiff demands uninsured motorist benefits, lost wages, "present medical expenses, future medical expenses, and non-economic damages such as pain and suffering, loss of enjoyment of life, and hedonic damages." (Ex. A, Complaint at ¶21). Furthermore, Plaintiff demands punitive damages. (Ex. A, Complaint at ¶33). All of the damages demanded by Plaintiff, including the punitive damages, are in an unspecified amount. Plaintiff's demand for unspecified extra-contractual and punitive damages is sufficient to meet the jurisdictional limit of this Court pursuant to Mississippi law.[1] See St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Myers v. Guardian Life Ins. Co. of America, Inc., 5 F. Supp. 2d 423, 428-429 (N.D. Miss. 1998); Marcel v. Poole Co., 5 F.3d 81, 84-85 (5th Cir. 1993); Allstate Ins. Co. v. Hilben, 692 F. Supp. 698, 701 (S.D. Miss. 1988); see also Montgomery v. First Family Fin. Serv. Inc., 239 F. Supp.2d 600, 605 (S.D. Miss. 2002) (Mississippi federal courts consistently hold that an unspecified amount claimed as punitive damages under Mississippi law is deemed to satisfy the amount in controversy requirement for federal jurisdiction).

VIII.

---

[1] State Farm denies Plaintiff is entitled to recover the amount of damages he has demanded and further denies Plaintiff is entitled to recover any extra-contractual or punitive damages whatsoever. State Farm is simply recognizing Plaintiff's allegations, as set forth in the Complaint, without waiving, and specifically reserving, any and all defenses or affirmative defenses with regard to same.

In the alternative, and in the sole event that this Court determines the amount in controversy requirement has not been met, State Farm asks that the Court enter an Order adjudicating under Fed. R. Civ. P. 54, that Plaintiff's claim is less than $75,000, and requiring that any award in excess thereof be reduced by remittitur. See Sears Roebuck & Co., v. Devers, 405 So.2d 898 (Miss. 1981).

IX.

CONCLUSION

This action is now removable pursuant to 28 U.S.C. §1441(a) and §1446(b), as amended, and written notice of the filing of this Notice of Removal and copies of all process, pleadings, and orders will be served upon Plaintiff's counsel as required by law. Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit thereto, will be filed with the County Clerk of DeSoto County, Mississippi.

X.

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm submits this Notice of Removal from the County Court of DeSoto County, Mississippi, to the United States District Court for the Northern District of Mississippi, Oxford Division. Defendant further requests any additional relief which the Court may find warranted in the premises.

Dated: April 13, 2015.

Respectfully submitted,

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000

BY: _____
H. SCOT SPRAGINS, MSB #7748

## CERTIFICATE OF SERVICE

I, H. SCOT SPRAGINS, of Hickman, Goza & Spragins, PLLC, Attorneys at Law, Oxford, Mississippi, do hereby certify that I have this date mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing to:

Kenya R. Martin
Kenya R. Martin, LLC
5709 Hwy 80
Jackson, MS 39209

DeSoto County Court Clerk
Courthouse
2535 Hwy 51 S
Hernando, MS 38632

THIS, the 17 day of September, 2015.

_____
H. SCOT SPRAGINS